UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT GILCREST**,

    Plaintiff,

vs.

**UNUM LIFE INSURANCE CO. OF AMERICA**,
    *et. al.*,

    Defendants.

Case No. 05-CV-923
Judge Gregory L. Frost
Magistrate Judge Abel

## OPINION & ORDER

Currently before the Court is Plaintiff Robert Gilcrest's ("Gilcrest") motion to dismiss the counterclaims of Defendants UNUM Life Insurance Company of America ("Unum") and Government Liquidation.Com Long Term Disability Plan ("GLC") (collectively "Defendants"). (Doc. # 7). The Defendants filed a memorandum in opposition (Doc. # 11), but Gilcrest failed to file a reply. For the reasons that follow, the Court **DENIES** the motion. (Doc. # 7).

## BACKGROUND

GLC formerly employed Gilcrest. During his employment with GLC, Gilcrest was eligible for, and a participant in, GLC's employee welfare benefit plan ("Plan"). (Doc. # 1 ¶ 2, 6). The Plan was established and maintained pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. GLC was the Plan administrator; Unum provided benefits under the Plan. (Doc. # 4 Ex. A at 1, 15).

Gilcrest injured his back on September 12, 2003 while he was still a GLC employee. (Doc. # 1 ¶ 8). Gilcrest applied for and was granted short term disability benefits under the Plan.

1

*Id.* at ¶ 9. Gilcrest also applied for and was awarded Social Security disability benefits. *Id.* at ¶ 10. Subsequently, Gilcrest applied for and was awarded long term disability benefits under the Plan from October 2003 through October 12, 2004. *Id.* at ¶ 12. After that date, Unum suspended Gilcrest's long term disability benefits upon determining that he was no longer disabled under the Plan's terms. *Id.* at ¶ 13. Gilcrest appealed Unum's denial twice; each time, Unum affirmed its previous determination. *Id.* at ¶¶ 14-16.

Gilcrest filed the instant action on October 6, 2005 seeking an order requiring Unum to: (1) reinstate his long-term disability benefits; (2) pay all past due benefits; (3) pay pre-judgment and post-judgment interest; and (4) pay his attorney's fees and costs. *Id.* at ¶¶ A-E. (Doc. # 1 at ¶¶ 1-13). Defendants then filed an Answer and Counterclaims. (Doc. # 4). Specifically, the Defendants' counterclaims allege that the Plan required Unum to subtract the amount of any Social Security Award received by the insured from the insured's disability payment under the Plan. *Id.* at ¶ 4.[1] Although Gilcrest received approximately $ 3,564.00 in Social Security payments from October 2003 to March 2004, Unum failed to subtract that amount from his long term disability benefits and Gilcrest has not repaid that amount to the Defendants. *Id.* at ¶¶ 6-7. Thus, the Defendants assert two counterclaims against Gilcrest–the first for breach of contract, the second for unjust enrichment. *Id.* at ¶¶ 8-13.

Gilcrest now moves the Court for an order dismissing those counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6). (Doc. # 7). Defendants oppose the motion. (Doc. # 11). Because the time for briefing the motion has passed, the Court may now proceed to an

---

[1] Defendants fail to identify the Plan language that pertains to offsetting payments due to Social Security Awards. (Doc. ## 4, 11). Future filings must provide that information.

examination of the issues presented in Gilcrest's motion.

## STANDARD OF REVIEW

Gilcrest first contends that dismissal is warranted under Fed. R. Civ. P. 12(b)(1), which enables him to raise by motion the defense of "lack of jurisdiction over the subject matter." In considering such a motion

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Ohio Nat'l Life v. Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id.* Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 662-64 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the

conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

Alternatively, Gilcrest moves to dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997). The focus is therefore not on whether Defendants will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, a court must " 'construe the complaint liberally in the [counter] plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

## DISCUSSION

**I.     Lack of Jurisdiction**

The basis for Gilcrest's motion to dismiss for lack of jurisdiction may be succinctly stated. Namely, Gilcrest states that there "is no independent basis for federal jurisdiction over Unum's [counter]claim[s]." (Doc. # 7 at 2). Defendants correctly retort that 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13(a)[2] supply the Court with jurisdiction.

Title 28, Section 1367(a) of the United States Code provides, in relevant part:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The Court has federal question jurisdiction over Gilcrest's ERISA claim under 29 U.S.C. § 1331. *See* Doc. # 1 at ¶ 4. Defendants' counterclaims are "so related to" Gilcrest's ERISA claim and "form part of the same case or controversy" because Gilcrest asserts that he is entitled to additional benefits under the Plan while Defendants maintain that he has been overpaid under the plan.

Accordingly, Fed. R. Civ. P. 13(a) requires Defendants to assert their counterclaim. That section of the rule provides:

---

[2] Defendants cite to Fed. R. Civ. P. 13(c) which states:
> Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.

While the Court finds that section of Rule 13 to be tangentially relevant, the Court presumes that Rule 13(a) was the intended citation.

5

> A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

(Emphasis added). Thus, the Rule mandates that Defendants assert their counterclaims in this case because they arise from the Plan that is the subject matter of Gilcrest's Complaint. As such, Gilcrest's motion to dismiss for lack of jurisdiction is **DENIED**. (Doc. # 7).

## II.     Failure to State a Claim Upon Which Relief can be Granted

Gilcrest relies on the Sixth Circuit's decision in *Qualchoice v. Rowland*, 367 F.3d 638 (6th Cir. 2004) for its holding that because a plan fiduciary's action to enforce a plan-reimbursement provision is a legal, not an equitable, action, the Court lacks jurisdiction to enter the relief Defendants seek because 29 U.S.C. § 1132(a)(3) only allows district courts to review equitable actions by plan fiduciaries. (Doc. # 7 at 2). Defendants respond that *Qualchoice* is inapplicable to the current situation. (Doc. # 11 at 3-5). The Court determines that the Supreme Court's recent decision in *Sereboff v. Mid Atlantic Medical Services, Inc*., 546 U.S. ____, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (May 15, 2006) is dispositive of the instant matter.

The *Sereboff* plaintiffs were insured under their employer's health insurance plan. The plan, which was covered by ERISA, provided for payment of certain covered medical expenses and contained an "Acts of Third Parties" provision. *Sereboff*, 164 L. Ed. 2d at 618. That provision applied when the insureds were "sick or injured as a result of the act or omission of another person or party," and required "a beneficiary who 'receives benefits' under the plan for such injuries to 'reimburse' [the plan administrator] for those benefits from 'all recoveries from a

6

third party (whether by lawsuit, settlement, or otherwise).'" *Id.* (citations to record omitted).

The Sereboffs sustained injuries from a car accident. *Id.* The plan covered their medical expenses. *Id.* Thereafter, the Sereboffs were successful in recovering compensatory damages from third parties in a tort action. *Id.* Pursuant to the plan's third parties provision, the plan fiduciary filed an action in federal court pursuant to § 502(a)(3) of ERISA to "obtain other appropriate equitable relief ... to enforce any provisions ... of the plan." *Id.* at 619. Namely, the plan fiduciary sought an order enforcing the plan's third parties provision to recover the medical expenses the plan had paid on the Sereboffs' behalf. *Id.*

The district court ruled in favor of the plan fiduciaries, and the Fourth Circuit affirmed. In so ruling, however, the appeals court "observed that the Courts of Appeal are divided on the question whether § 502(a)(3) authorizes recovery in these circumstances." *Id.* at 618-619 (citing, *inter alia*, *Qualchoice*, 367 F.3d 638). The Supreme Court granted *certiorari* and held that the statute does permit recovery in such instances.

Central to the Court's discussion was whether the recovery being sought was classified as "equitable" pursuant to § 502(a)(3). *Id.* at 619. Essentially overruling the Sixth Circuit's holding in *Qualchoice*, the Supreme Court held that the fiduciary's action to recover under the plan was equitable in nature because it was nothing more than an "equitable lien impressed on moneys on the ground that they ought to go to the insurer." *Id.* at 623.

Like the fiduciary in *Sereboff,* the Defendants in the case *sub judice* seek reimbursement pursuant to the Plan's provisions. Neither party disputes the source or the amount. (Doc. # # 7, 11). Therefore, *Sereboff* instructs that the Court has jurisdiction over the Defendants' counterclaims and concurrent requests for relief because they are equitable in nature under §

7

502(a)(3). Gilcrest's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**. (Doc. # 7).

## CONCLUSION

Gilcrest's motion to dismiss is **DENIED**. (Doc. # 7).

**IT IS SO ORDERED.**


    /s/   Gregory L. Frost

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**