UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT GILCREST**,

    Plaintiff,

vs.

**UNUM LIFE INSURANCE CO. OF AMERICA**,
    *et. al.*,

    Defendants.

Case No. 05-CV-923
Judge Gregory L. Frost
Magistrate Judge Abel

**OPINION & ORDER**

Plaintiff Robert Gilcrest ("Gilcrest") and Defendant Unum Life Insurance Company of America ("Unum") have filed cross motions for summary judgment on Unum's counterclaims. (Doc. # # 33, 35). After thorough consideration, the Court **DENIES** Gilcrest's motion (Doc. # 33) and **GRANTS** Unum's motion (Doc.# 35).

**BACKGROUND**

Government Liquidation.Com Long Term Disability Plan ("GLC") formerly employed Gilcrest. During his employment with GLC, Gilcrest was eligible for, and a participant in, GLC's employee welfare benefit plan ("Plan"). The Plan was established and maintained pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. GLC was the Plan administrator; Unum provided benefits under the Plan.

Gilcrest injured his back on September 12, 2003 while he was still a GLC employee. Gilcrest applied for and was granted short term disability benefits under the Plan. *See* Gilcrest Aff. Gilcrest also applied for and was awarded Social Security disability benefits. *Id.*

1

Subsequently, Gilcrest applied for and was awarded long term disability benefits under the Plan from October 2003 through October 12, 2004. *Id.* After that date, Unum suspended Gilcrest's long term disability benefits upon determining that he was no longer disabled under the Plan's terms. *Id.* Gilcrest appealed Unum's denial twice; each time, Unum affirmed its previous determination.

Gilcrest filed the instant action on October 6, 2005 seeking an order requiring Unum to: (1) reinstate his long-term disability benefits; (2) pay all past due benefits; (3) pay pre-judgment and post-judgment interest; and (4) pay his attorney's fees and costs. (Doc. # 1 at ¶ ¶ 1-13). Defendants then filed an Answer and Counterclaims. (Doc. # 4). Specifically, the Defendants' counterclaims allege that the Plan required Unum to subtract the amount of any Social Security Award received by the insured from the insured's disability payment under the Plan. *Id.* at ¶ 4. Although Gilcrest received approximately $ 3,564.00 in Social Security payments from October 2003 to March 2004, Unum failed to subtract that amount from his long term disability benefits and Gilcrest has not repaid that amount to the Defendants. *See* Gilcrest Aff. Thus, the Defendants assert two counterclaims against Gilcrest–the first for breach of contract, the second for unjust enrichment.

The parties filed cross-motions for judgment on the administrative record regarding Gilcrest's ERISA claims and Unum's counterclaims. The Court ruled in Unum's favor on the ERISA claims in its June 30, 2006 Opinion & Order, but noted that *Buchanan v. Aetna Life Ins. Co.*, No. 05-3380, 2006 U.S. App. LEXIS 11046, at *9 (6th Cir. 2006) required the Court to convert the parties' motions regarding the counterclaims to motions for summary judgment. (Doc. # 31 at 8). Accordingly, the Court provided the parties additional time to supplement their

previous arguments on Unum's counterclaims with the new standard in mind.  That briefing is now complete, and the Court now turns to an examination of the parties' cross motions for summary judgment on Unum's counterclaims.

### **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).  However, in ruling on a motion for summary judgment, "a district court is

not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

## DISCUSSION

In brief, Gilcrest maintains that because Unum seeks legal, and not equitable relief, the counterclaims are subject to judgment in his favor. (Doc. # 33 at 3). Gilcrest also argues that his Social Security payments are protected by 42 U.S.C. § 407. *Id.* at 6. Unum responds by contending that the relief it seeks is, indeed, equitable and permissible under the United States Supreme Court's recent decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 546 U.S. ____, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (May 15, 2006) and the United States Court of Appeals for the Eighth Circuit's holding in *Dillard's, Inc. v. Liberty Life Assurance Co. of Boston*, Nos. 05-2482, 05-2517, 2006 U.S. App. LEXIS 18062 (8th Cir. July 19, 2006). Unum also asserts that it does not seek any of Gilcrest's social security benefits, so his § 407 argument is irrelevant. Unum's arguments prevail.

Taking Gilcrest's contentions out of turn, the Court first addresses his argument under § 407. That section protects Gilcrest's social security benefits from transfer and assignment in any action at law or equity. Here, though, Unum seeks the amount it overpaid Gilcrest; it does not seek any of Gilcrest's Social Security benefits. (Doc. # 35 at 2). As such, Gilcrest's § 407 argument is without merit.

Gilcrest does not dispute that he received Social Security benefits. Moreover, Gilcrest does not disagree that the Plan provided that any benefits that the Plan paid to him would be reduced by any Social Security award. Further, Gilcrest does not deny that Unum failed to

4

subtract his Social Security award from his benefits as the Plan provided for. In addition, Gilcrest does not contest that the Plan allowed for recovery in this situation. Rather, Gilcrest merely argues that because the amount in question is not contained within an identifiable fund, Unum's counterclaims are legal, and not equitable in nature. (Doc. # 33). As such, according to Gilcrest, Unum's counterclaims fail. *Id.*

To begin, the Court holds that the relief Unum seeks is equitable in nature. Specifically, Unum seeks the amount it overpaid Gilcrest. (Doc. # 4). The Supreme Court held that restitution is a "traditional equitable remedy." *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993). For restitution to lie in equity, "the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 202, 214 (2002). That is exactly what Unum seeks here–restitution through restoration of funds in Gilcrest's possession. Therefore, the Court holds that Unum seeks equitable, not legal relief.

In addition, the Eighth Circuit recently examined the issue of whether an insurance company could recover overpayments from a disability benefits plan resulting from the insured's receipt of social security benefits. The Court discussed the *Sereboff* holding and concluded that because the insurance company sought "a particular share of a specifically identified fund–all overpayments resulting from the payments of social security benefits" the insurance company's claim was equitable in nature. *Dilliard's*, 2006 U.S. App. LEXIS 18062, *16-18.

Unum, like the life insurance company in *Dillard's*, seeks "a particular share of a specifically identified fund"; namely, the amount it overpaid Gilcrest by not subtracting his Social Security award. (Doc. # 4). Thus, the Court concludes that the relief Unum seeks is

equitable and comes from an identifiable fund.  Both of Gilcrest's arguments fail, and the Court **DENIES** his motion for summary judgment.

That holding makes the disposition of Unum's motion quite simple. As noted above, the parties agree that the Plan required Unum to reduce Gilcrest's award if he received Social Security benefits.  Gilcrest received those benefits, but Unum did not adjust his benefits under the plan.  The amount is not in question.  The Plan allows for recovery of that amount under the present circumstances.  The fact that Gilcrest owes Unum that amount is no longer in question.  As such, the Court **GRANTS** Unum's motion for summary judgment on its counterclaims. (Doc. # 35).

With all matters resolved, the Clerk is **ORDERED** to enter judgment accordingly.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　　　　　   /s/   Gregory L. Frost

　　　　　　　　　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**